Filed 6/15/22  Coyle v. Sacramento Municipal Ultility Dist. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| MARY COYLE, | C090940 |
| Plaintiff and Appellant, | (Super. Ct. No. 34201700209249CUWTGDS) |
| v. | |
| SACRAMENTO MUNICIPAL UTILITY DISTRICT, | |
| Defendant and Respondent. | |

Mary Coyle sued the Sacramento Municipal Utility District (SMUD), alleging causes of action under the Fair Employment and Housing Act (FEHA).  The trial court granted SMUD's motion for summary judgment and entered judgment against Coyle, concluding that Coyle failed to timely exhaust her administrative remedies because she did not file her administrative complaint with the Department of Fair Employment and Housing (DFEH) within one year after the alleged unlawful activity.

Coyle now contends that her DFEH administrative complaint was timely due to equitable tolling.  We conclude that, on the record presented to us, Coyle's equitable tolling argument lacks merit.  We will affirm the judgment.

1

BACKGROUND

Coyle worked for SMUD for 31 years until she retired on March 4, 2016. In 2009, she was diagnosed with cancer and received accommodations and medical leave from SMUD as a result of the cancer and treatment. On March 7, 2017, one year and three days after her retirement, Coyle filed a DFEH administrative complaint alleging SMUD discriminated against her under FEHA during her career at SMUD. Also on March 7, 2017, DFEH issued a right to sue letter.

On March 13, 2017, Coyle filed this action against SMUD. She alleged four FEHA causes of action: violation of the California Family Rights Act, disability discrimination, failure to engage in the interactive process, and failure to accommodate. Coyle alleged she was constructively discharged on March 7, 2016, which was actually three days after she retired. We need not detail the discrimination allegations of the DFEH administrative complaint or the complaint filed in this case because the case hinges entirely on whether Coyle filed a timely administrative complaint with DFEH.

SMUD answered the complaint and filed a motion for summary judgment, asserting, among other things, that Coyle failed to timely exhaust her administrative remedies. SMUD's points and authorities in support of the motion for summary judgment included two pages of law and argument concerning Coyle's failure to file her DFEH administrative complaint within one year after the unlawful activity as required by Government Code former section 12960, subdivision (d). Coyle filed points and authorities in opposition to the motion for summary judgment. On the issue of failure to timely exhaust administrative remedies, Coyle claimed SMUD's unlawful activities constituted a continuing violation (see *Green v. Brennan* (2016) 578 U.S. 547 [195 L.Ed.2d 44]), but she did not address SMUD's argument that she failed to timely exhaust administrative remedies because she did not file a DFEH administrative complaint within one year after the last alleged unlawful activity. SMUD filed a reply to Coyle's opposition, noting Coyle had not appropriately responded to the timeliness issue.

2

The trial court issued a tentative ruling granting the motion for summary judgment. In the ruling, the trial court did not consider the substance of the discrimination allegations. Instead, it held that the undisputed evidence established that Coyle failed to timely exhaust her administrative remedies because she failed to file a DFEH administrative complaint within one year after the alleged unlawful activity—that is, within one year after her retirement from SMUD, which was necessarily the last date SMUD could engage in unlawful activity concerning Coyle's employment.

At the hearing on the motion for summary judgment, Coyle argued for the first time that the time to file the DFEH administrative complaint was equitably tolled by Coyle's filing of a government tort claim on August 22, 2016, which was rejected by SMUD on September 14, 2016. Coyle's counsel asserted that the argument had been left out of the opposition memorandum by mistake. The trial court acknowledged that Coyle's complaint included an allegation she filed a government tort claim under Government Code section 910 et seq. and that SMUD denied the claim, but the trial court noted that the alleged government tort claim was not in the record and the complaint did not allege the government tort claim as a basis for equitable tolling. The trial court further noted Coyle did not assert anywhere in any of her pleadings that the time to file the DFEH administrative complaint had been equitably tolled.

The trial court also indicated that filing a government tort claim did not alert SMUD to the need to begin investigating any alleged FEHA violations because filing a government tort claim is not a prerequisite to filing an action under FEHA and any claims in a government tort claim would necessarily be different from claims in a DFEH administrative complaint. The trial court concluded that the filing of the government tort claim did not equitably toll the time for filing a DFEH administrative complaint.

The trial court granted SMUD's motion for summary judgment and entered final judgment against Coyle.

3

DISCUSSION

At the time relevant to this action, FEHA required a person claiming discrimination to file an administrative complaint with DFEH within one year after the alleged unlawful activity. (Gov. Code, former § 12960, subd. (d).) Coyle's FEHA claims were time-barred because she did not file her DFEH administrative complaint until one year and three days after the alleged unlawful activity ended.

Although Coyle asserts equitable tolling, her argument lacks merit because Coyle did not plead facts sufficient to support equitable tolling and the record on appeal does not support an argument that the government tort claim alerted SMUD to the need to investigate possible FEHA violations.

The time for filing a DFEH administrative complaint is equitably tolled while the employee pursues an internal administrative remedy, whether or not exhaustion of that remedy is a prerequisite to filing suit. (*McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 96, 106-108.) A plaintiff relying on equitable tolling must show three elements: timely notice, lack of prejudice to the defendant, and reasonable and good faith conduct on the part of the plaintiff. (*Id.* at p. 102.) If a claim is time-barred on its face, the plaintiff must specifically plead facts that support equitable tolling. (*Mills v. Forestex Co.* (2003) 108 Cal.App.4th 625, 641 (*Mills*).)

Here, Coyle did not specifically plead facts to support equitable tolling. The complaint alleged Coyle filed a government tort claim on August 22, 2016, which was within one year after Coyle's retirement. But the complaint did not allege what was in the government tort claim. There is no allegation or evidence that the government tort claim related to the same allegations made in Coyle's FEHA causes of action. The alleged government tort claim is not in the record on appeal, so there are no facts to support a finding that the alleged government tort claim put SMUD on notice of the FEHA claims. Indeed, FEHA claims are not subject to the filing requirement of the Government Tort Claims Act. (*Garcia v. L.A. Unified Sch. Dist.* (1985) 173 Cal.App.3d

4

701, 710.)  Therefore, the allegation that Coyle filed a government tort claim against SMUD did not satisfy the requirement that Coyle pleaded specific facts to support equitable tolling.  (*Mills, supra*, 108 Cal.App.4th at p. 641.)  The trial court, properly relying on the record before it, concluded Coyle's government tort claim did not equitably toll the time to file a DFEH administrative complaint.[1]

Because Coyle's FEHA claims were time-barred and equitable tolling does not apply, we need not consider the parties' additional arguments concerning whether the facts supported her FEHA claims.

DISPOSITION

The judgment is affirmed.  SMUD is awarded costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)


          /S/
        MAURO, Acting P. J.

We concur:


   /S/
RENNER, J.


   /S/
EARL, J.

---

[1]  Coyle contends for the first time in her reply brief that SMUD attempted to mislead the court by asserting her failure to exhaust her administrative remedies without placing in the record Coyle's government tort claim.  We do not consider arguments raised for the first time in the reply brief.  (*Cold Creek Compost, Inc. v. State Farm Fire & Casualty Co.* (2007) 156 Cal.App.4th 1469, 1486.)  In any event, Coyle did not specifically plead the government tort claim as a reason for equitable tolling and she did not offer the government tort claim in her papers and evidence filed in opposition to the motion for summary judgment.  She first asserted equitable tolling at the hearing on the motion for summary judgment.